UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGELA MARIE DUSHARM,

       Plaintiff,

v.                       7:14-CV-1562
                            (GTS/WBC)
CAROLYN W. COLVIN,
Acting Commissioner of Social Security

       Defendant.
_____

APPEARANCES:                OF COUNSEL:

CONBOY, McKAY, BACHMAN & KENDALL    PETER L. WALTON, ESQ.
 Counsel for Plaintiff
407 Sherman Street
Watertown, NY 13601-9990

U.S. SOCIAL SECURITY ADMIN.        JOSHUA L. KERSHNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

   Currently before the Court, in this Social Security action filed by Angela Marie Dusharm ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of a United States Magistrate Judge recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 18-19.)

I.     **PLAINTIFF'S OBJECTIONS**

Generally, Plaintiff makes three arguments in objection to the Magistrate Judge's Report and Recommendation.

First, Plaintiff argues that the Court should reject the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") committed only harmless error by failing to find that Plaintiff's migraine headaches were a severe impairment at step two (because the ALJ clearly considered Plaintiff's headaches at step two and elsewhere in her decision). (Dkt. 19 at 1-3.) More specifically, Plaintiff argues that the Magistrate Judge's recommendation should be rejected because (1) the ALJ did not reference Plaintiff's headaches or migraine symptoms at step two, other than to note that her neurosurgeon believed that a disc herniation at C5-6 "caused her headaches," (2) the ALJ did not consider whether Plaintiff's migraine headaches were a severe impairment in and of themselves, despite medical evidence of Plaintiff's repeated treatment for migraine headaches, including (a) hospitalizations at Samaritan Medical Center and SUNY Upstate Hospital, and (b) treatment with Abdul Latif, M.D., at North Country Neurology. (*Id.*)

Second, Plaintiff argues that the Court should reject the Magistrate Judge's finding that the ALJ properly afforded little weight to the opinion of treating neurosurgeon, Walter Hall, M.D., (in part because "an ALJ is permitted to take into account the frequency, length, nature and extent of treatment") because the ALJ's reasoning (that Dr. Hall's opinion of December 2012 was stale and that he never treated her for back pain) was factually inaccurate. (*Id.* at 3-5.) More specifically, Plaintiff argues that (1) Dr. Hall's opinion, dated December 6, 2012, was rendered only 22 days after he last examined Plaintiff and was therefore contemporaneous with

his last examination and approximately a year after the alleged onset date, (2) no other medical professional or consultative examiner had offered an opinion in the seven-month gap between Dr. Hall's last treatment of Plaintiff and the hearing, and (3) thus, the fact that the opinion was rendered in December 2012 is not a reason for rejecting the opinion. (*Id.*) Moreover, Plaintiff argues that (1) medical evidence of record indicates that Dr. Hall treated Plaintiff for her back condition on April 24, 2012, June 6, 2012, and November 14, 2012, (2) the ALJ's finding that Dr. Hall did not treat Plaintiff for her back condition was an error of fact, and (3) the Magistrate Judge failed to recognize this error by instead finding that, "[a]lthough Dr. Hall, or his colleagues, noted Plaintiff's medical history of lumbar impairments, notation of an impairment does not equate with treatment." (*Id.* at 5.)

Third, Plaintiff argues that the Court should reject the Magistrate Judge's finding that the ALJ properly afforded little weight to the opinion of treating neurosurgeon, Dr. Hall, because the ALJ improperly relied on her own lay interpretation of the medical evidence to dispute Dr. Hall's opinion and determine that Plaintiff could perform sedentary work. (*Id.* at 5-6.) More specifically, Plaintiff argues that the Magistrate Judge failed to recognize that the ALJ's residual functional capacity ("RFC") determination contradicts the only two medical opinions of record and was improperly based on the ALJ's own lay interpretations of the medical evidence, including MRI examinations and clinical findings. (*Id.*)

## II.     APPLICABLE LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations,

3

or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## III. ANALYSIS

The Court finds that Plaintiff's first objection (as set forth above in Part I. of this Decision and Order) merely reiterates arguments presented in her initial brief. (*Compare* Dkt. No. 11 *with* Dkt. No. 16.) Therefore, the Court reviews the portion the Magistrate Judge's Report and Recommendation addressed in Plaintiff first objection for clear error only. While Plaintiff's second and third objections (as set forth above in Part I. of this Decision and Order) somewhat reiterate her arguments presented in her initial brief, the Court finds that the objections (albeit barely) constitute specific challenges to the Report and Recommendation. (*Compare* Dkt. No. 19 *with* Dkt. No. 8.) Therefore, the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation addressed in Plaintiff's second and third objections.

After carefully reviewing the relevant filings in this action, the Court accepts and adopts the Magistrate Judge's recommendation that the ALJ did not err in assessing the severity of Plaintiff's migraine headaches at step two for the reasons stated in the Magistrate Judge's Report and Recommendation. (Dkt. No. 18.) The Court respectfully declines to adopt the Magistrate Judge's recommendation that the ALJ properly assessed Dr. Hall's opinion and the RFC for the reasons stated in Plaintiff's objections. (Dkt. No. 19.) To those reasons, the Court adds the following analysis. For the ease of analysis, Plaintiff's objections will be reorganized and consolidated below.

### A. Whether the ALJ Erred in Assessing the Severity of Plaintiff's Migraine Headaches at Step Two

The Court agrees with the Magistrate Judge that the ALJ did not err in assessing the severity of Plaintiff's migraine headaches for the reasons stated in the Magistrate Judge's Report

6

and Recommendation. (Dkt. No. 18 at 6-8.) The Magistrate Judge employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) Accordingly, the Court accepts and adopts the Magistrate Judge's recommendation that remand is not required on this basis. (*Id.*)

### B. Whether the ALJ Erred in Assessing Dr. Hall's Opinion and Determining Plaintiff's RFC

RFC is defined as

> what an individual can still do despite his or her limitations . . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule.

*Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory and other requirements of work." *Domm v. Colvin*, 12-CV-6640, 2013 WL 4647643, at *8 (W.D.N.Y. Aug. 29, 2013) (citing 20 C.F.R. § 404.1545[a][3]-[4]). The ALJ must consider medical opinions and facts, physical and mental abilities, non-severe impairments, and the plaintiff's subjective evidence of symptoms. 20 C.F.R. §§ 404.1545(b)-(e), 416.945(b)-(e). Finally, an ALJ's RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Under the "treating physician's rule," controlling weight is afforded to a plaintiff's treating physician's opinion when (1) the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) the opinion is consistent with other

7

substantial evidence in the record, such as opinions of other medical experts. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir. 2004); *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 633-34 (2d Cir. 2012).

When controlling weight is not afforded to the opinion of a treating physician, the ALJ should consider the following factors to determine the proper weight assigned to a treating physician's opinion: (1) the frequency of the examinations and the length, nature and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; and (4) whether the opinion is from a specialist. 20 C.F.R. §§ 404.927(c), 416.927(c); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). Regulations require an ALJ to set forth his or her reasons for the weight assigned to a treating physician's opinion. *Shaw*, 221 F.3d at 134. "In analyzing a treating physician's report, 'the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'" *Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir. 1999) (quoting *McBrayer v. Sec'y of Health & Human Servs.,* 712 F.2d 795, 799 [2d Cir. 1983]); *see also Balsamo v. Chater,* 142 F.3d 75, 81 (2d Cir. 1998).

Here, the record contains medical opinions of Plaintiff's physical limitations from (1) consultative examiner, Elke Lorensen, M.D., and (2) treating neurosurgeon, Dr. Hall. (T. 28.) On November 8, 2012, Dr. Lorensen opined that Plaintiff (1) had severe restrictions ambulating and climbing stairs, (2) had moderate restrictions pushing, pulling, and reaching with the left arm, and (3) should avoid heights and operating machinery. (T. 28-29.) The ALJ afforded some weight to Dr. Lorensen's opinion, "but only to the extent that it is supported by the objective evidence of record." (T. 29.)

On December 6, 2012, Dr. Hall opined that Plaintiff had physical work-related limitations resulting from cervical spondylosis, lumbar spondylosis, and a cervical fusion. (T.

8

354-57.) More specifically, Dr. Hall opined that Plaintiff could sit for less than six hours, stand or walk for less than two hours, and frequently lift or carry less than ten pounds in an eight-hour workday. (T. 354-55.) Dr. Hall opined that Plaintiff could occasionally reach during an eight-hour workday, but could never climb, balance, kneel, crouch, crawl, or stoop. (*Id*.)

The ALJ afforded little weight to Dr. Hall's opinion, reasoning that (1) Dr. Hall had not seen Plaintiff since November 2012 (approximately seven months before the hearing), and did not *treat* Plaintiff for her back condition (but merely noted a medical history of lumbar impairment), (2) Plaintiff's neck condition improved after surgery, and "the clinical findings prior to the surgery show that it was not as debilitating as Dr. Hall's opinion suggests" (noting that, during Dr. Lorensen's consultative examination, Plaintiff "had full range of motion of her cervical spine"), and (3) Plaintiff reported to Dr. Lorensen that she cooks and cleans every day and shops regularly, "which suggests that she was able to lift or carry at least ten pounds and use her upper extremities for reaching and fine and gross manipulation." (T. 28.)

Accordingly, the ALJ improperly relied on her own view of the clinical findings to discredit Dr. Hall's opinion. (T. 28.) The ALJ failed to cite, and the record does not contain, a medical opinion to dispute Dr. Hall's opinion that Plaintiff could not perform sedentary work. (*Id.*) The ALJ cited Dr. Lorensen's examination note that Plaintiff had full range of motion of her cervical spine, however Dr. Lorensen's *opinion* indicated that Plaintiff could not perform sedentary work. (*Id.*)

"The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015), *accord, Rosa,* 168 F.3d at 79 ("In analyzing a treating physician's report, 'the ALJ cannot arbitrarily substitute his own judgment for competent medical

9

opinion.'") (quoting *McBrayer,* 712 F.2d at 799); *Balsamo,* 142 F.3d at 81 ("[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted a medical opinion to] or testified before him . . . . In the absence of supporting expert medical opinion, the ALJ should not have engaged in his own evaluations of the medical findings.").

Here, for example, the ALJ found that MRI examinations of Plaintiff's cervical and lumbar spine in September 2010 and December 2011 "showed some degenerative changes," but did not support "Plaintiffs's allegations regarding the severity of her condition." (T. 26.) The ALJ also disputed physicians' findings that Plaintiff's gait was "stiff" and "antalgic" based on her own lay interpretation of the MRI results:

> While the claimant's gait is at times normal and at other times stiff and antalgic, the MRI performed in December 2011 showed only diffuse disc bulges at the L4-L5 and L5-S1 levels with minimal thecal sac compression at the L4-L-5 level and no thecal sac or nerve compression at the L5-S1 level. These findings would not be expected to cause such a significant disturbance in gait.

(T. 26) (internal citations to the record omitted). The ALJ further relied on her own lay interpretation of medical evidence in stating that an MRI examination of Plaintiff's lumbar spine performed in 2012 "showed only mild degenerative disc changes at the L4-L5 level with no nerve root compression, no canal stenosis and no foraminal stenosis. The MRI did not show significant interval changes to explain the claimant's reported increase in symptoms." (T. 27.)

Finally, the ALJ relied on her own lay interpretation of the medical evidence in assessing Plaintiff's physical limitations and determining that "the clinical findings suggest that her neck and back impairments were not so debilitating that she could not meet the exertional demands of

sedentary work." (T. 26.) More specifically, the ALJ determined that Plaintiff had the RFC to perform "the full range of sedentary work," including the abilities to "lift, carry, push, and pull ten pounds occasionally, sit for six hours in an eight-hour workday, and stand and/or walk for two hour in an eight-hour day." (T. 25.) Therefore, the ALJ's RFC indicates that Plaintiff has greater physical abilities than opined by any medical opinion of record, most notably in walking. (T. 25, 28.) As discussed above, Plaintiff's treating neurosurgeon, Dr. Hall, opined that Plaintiff could walk for less than two hours during an eight-hour workday, and consultative examiner, Dr. Lorensen, opined that Plaintiff had severe restrictions ambulating. (T. 28.)

While the Court is inclined to agree with Plaintiff's remaining objections regarding the ALJ's decision to afford little weight to Dr. Hall's opinion, the Court need not reach those objections due to the aforementioned omission. *See Balsamo*, 142 F.3d at 81 ("We need not address whether the treating physicians' opinions bound the ALJ under § 404.1527(d)(2) because in this case the Commissioner failed to offer and the ALJ did not cite *any* medical opinion to dispute the treating physicians' conclusion that . . . [the plaintiff] could not perform sedentary work. In the absence of a medical opinion to support the ALJ's finding as to . . . [a plaintiff's] ability to perform sedentary work, it is well settled that 'the ALJ cannot arbitrarily substitute his own judgment for a competent medical opinion.'").

Moreover, even if the ALJ's assessment of the opinion evidence was proper, the ALJ's RFC determination was not supported by substantial evidence based on the current record. *See id.*, at 81-82 (finding that the ALJ's determination that the plaintiff could perform sedentary work was not supported by substantial evidence in the absence of a medical opinion indicating that the plaintiff could perform sedentary work); *House v. Astrue*, 11-CV-0915, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) (holding that remand was necessary where there was no medical source opinion supporting the ALJ's RFC determination).

The Court recognizes that, "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *House*, 2013 WL 422058, at *4 (internal citation and quotation marks omitted).  However, that is not the case in the present matter because the ALJ determined that Plaintiff's degenerative disc disease of the cervical spine (status post discectomy and fusion surgery) and degenerative disc disease of the lumbar spine were severe impairments.  (T. 23.)  Further, both medical opinions of record indicated that Plaintiff could not meet the exertional demands of sedentary work, most notably sitting for two hours during an eight-hour workday.  (T. 28-29.)

For the forgoing reasons, remand is required for the ALJ to reevaluate the medical opinions of record and reevaluate Plaintiff's RFC.

**ACCORDINGLY**, it is

**ORDERED** that the portion of the Magistrate Judge's Report and Recommendation affirming the Commissioner's step two severity determination (Dkt. No. 18) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that the Magistrate Judge's Report and Recommendation is otherwise **REJECTED**; and it is further

**ORDERED** that the Commissioner's determination is **VACATED**; and it is further

**ORDERED** that the matter is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this Order.

Dated: March 31, 2016
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge